## Henry Kunz, Plaintiff in Error, v. Boston Store of Chicago, Defendant in Error.

### Gen. No. 25,000.

1.  MASTER AND SERVANT, § 770*—*when error to direct verdict for master sued for injuries to servant.* A directed verdict for the defendant was improper in an action against an employer rejecting the Compensation Act for personal injuries sustained by a rug packer, who while sitting on a box in the packing room in defendant's store, waiting for his partner to assist him in packing, was struck by a bulky and heavy roll of linoleum which fell from its position of leaning against a wall, without being pushed or touched by any one.

2.  MASTER AND SERVANT, § 677*—*when servant, suing for injuries, makes out prima facie case.* A prima facie case of negligence, or at least one which should have been permitted to go to the jury, was made out, where a bulky and heavy roll of linoleum, which had been stacked against a wall in defendant's store, fell from its position and struck an employee without having been pushed or touched by any one.

3.  MASTER AND SERVANT, § 775*—*what improper to be considered on motion to direct verdict for master sued for injuries to servant.* On a motion to find for the defendant in a personal injury case, the court improperly considered the probative effect of a statement in writing purporting to have been signed by plaintiff, which gave another version to the accident than that to which he testified upon the trial.

Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1919. Reversed and remanded. Opinion filed October 27, 1919. Rehearing denied November 10, 1919.

CORINNE L. RICE and A. H. RANES, for plaintiff in error.

MOSES, ROSENTHAL & KENNEDY, for defendant in error; HAMILTON MOSES and WALTER BACHRACH, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff while engaged in his duties as an employee of the defendant received injuries. He sought to recover compensation, but upon trial the court instructed the jury to bring in a verdict for the defendant, which was done and judgment entered thereon. Plaintiff argues that the case should have been allowed to go to the jury; that defendant was engaged in one of the occupations enumerated as extrahazardous under the Workmen's Compensation Act, and had elected not to be bound by said act; therefore it was not entitled to the defense of assumption of risk or that the injury was caused by a fellow-servant or the contributory negligence of the plaintiff (Workmen's Compensation Act of 1913). While conceding this, defendant truly says that it was incumbent upon plaintiff to prove that the injury was due to negligence of the employer.

Plaintiff's evidence tended to show that he was employed by the defendant as a rug packer; that his work was on the ninth floor of the building occupied by defendant, and that linoleums and carpets were brought up from the sixth floor on the elevator to the ninth floor and set along the wall, from which plaintiff and his "partner" would take them for packing; that plaintiff did not stack them against the wall, but this work was done by the elevator men who brought them up. On the day of the accident plaintiff was sitting on a box in the packing room, waiting until his partner, Walsh, would come to assist in packing. At this particular time plaintiff was doing nothing, and while sitting there a roll of linoleum which had been stacked against the wall near by behind him fell, striking plaintiff on the shoulder, knocking him off the box, breaking his arm and rendering him unconscious for a time. The linoleum was in a roll about 12 to 14 feet long, and weighed from 500 to 700 pounds. Be-

fore it fell it was leaning against the wall at an angle, with the bottom of the roll about one foot and a half from the wall.

It is argued, with many citations, that this evidence wholly failed to prove any negligence on the part of the defendant, and that therefore the peremptory direction of the trial court to find for the defendant was justified. We are not disposed to consider these cases in point, for the reason that they include a consideration of the acts of a fellow-servant, assumed risk or contributory negligence of the person injured. Those elements cannot be considered in the instant case. Here we have the simple fact that a bulky and heavy roll of linoleum, leaning against the wall, falls from that position without being pushed or touched by any one. In the absence of any other cause it would be reasonable to presume that the linoleum fell because it had not been properly stacked against the wall; at least it would be fair to permit the jury to judge from the facts as to whether or not this was the cause.

In *Briggs v. Oliver*, 4 Hurl. & Colt. 403, was involved a packing case which had been propped against the wall and which fell upon the plaintiff. The court found that as the evidence showed it fell by its own weight, this tended to prove that it had been "propped up insecurely"; and the court said in its opinion that "packing cases do not usually fall of themselves, unless there had been some negligence. The facts of this case appear to me to be consistent only with the existence of negligence, either in the defendant or in some person for whose act he is responsible." See also *Orenstein v. Boston Store of Chicago*, 177 Ill. App. 256.

The fact that the plaintiff expected in the course of his duties to pack this and other rolls of linoleum does not make him responsible for the manner in which it was placed in the packing room in the first instance.

This duty devolved upon another employee of the defendant.

The trial court seems to have been influenced by the probative effect of a statement in writing purporting to have been signed by the plaintiff, which gave another version of the accident than that to which he testified upon the trial. The court was without power to weigh the variant stories of the witnesses, if there were any. Their weight should have been left to the jury, which properly might be led by the circumstances attending the securing of the written statement to give less weight to it than to the testimony upon the stand.

We see no reason why the court should not have permitted plaintiff to withdraw his second amended first count and his first, second and sixth additional counts, and also to amend his third, fourth and fifth additional counts as requested. As the cause must be remanded for further proceedings, these motions of plaintiff should be allowed.

We are of the opinion that the question of the probative effect of the evidence adduced was for the jury to determine, and that it was error to instruct peremptorily for the defendant. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*